FILED

03/26/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2018

**RICKY BENSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 17-05158, 17-05159    James M. Lammey, Judge**

_____

**No. W2018-00967-CCA-R3-HC**

_____

A Shelby County grand jury indicted the Petitioner for two counts of burglary of a building. In March 2018, before being convicted of the charges, the Petitioner filed a habeas corpus petition seeking appointment of counsel and "an updated trial in another courtroom." The habeas corpus court denied the petition because the Petitioner had not yet been convicted of the charged offenses and based upon the numerous procedural deficiencies in the petition. The Petitioner appeals the habeas corpus court's denial. After review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ricky Benson, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ryan E. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background**

A Shelby County grand jury indicted the Petitioner for two counts of burglary of a building. On March 8, 2018, the Petitioner filed a "Petition for Writ of Habeas Corpus With Motion for Change of Venue." The State responded that, because the petition failed to state a claim for which relief could be granted, the petition should be dismissed. On April 23, 2018, the habeas corpus court issued an order summarily denying habeas corpus relief. The habeas corpus court noted that the Petitioner's trial for the burglary charges

was set for October and, thus, there were no convictions from which to appeal. The habeas corpus court also found that the Petitioner had not complied with the statutory procedural requirements for habeas corpus petitions. It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner appeals the habeas corpus court's summary dismissal of his petition for failure to state a cognizable claim. The State responds that the habeas corpus court properly dismissed the petition because, at the time of the petition, there was no corresponding judgment. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004).

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App. Mar.11, 1998); *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

According to the record, the Petitioner's trial on the burglary charges was set for October 2018, therefore, the habeas corpus petition was premature in that there were no convictions at the time of the March 8, 2018 petition. Absent a judgment or sentence, the

Petitioner cannot show that the convicting court was without jurisdiction or that his sentence has expired.  Moreover, the habeas corpus procedural requirements "are mandatory and must be followed scrupulously."  *Archer*, 851 S.W.2d at 165.  The Petitioner failed to adhere to the procedural requirements for filing a petition for habeas corpus relief; thus, the habeas corpus court properly dismissed the petition on the basis of procedural defects.

Furthermore, the failure to appoint a private attorney is not a colorable/cognizable claim for habeas corpus relief.  The purpose of the writ is to challenge a petitioner's confinement or restraint of liberty on the basis that a judgment is void or a sentence has expired.  Any violation of the constitutional right to counsel would merely render a judgment voidable rather than void.  *See* § 40-30-103; *Vaughn v. State*, 202 S.W.3d 106 (Tenn. 2006).  The Petitioner is not entitled to relief.

### III. Conclusion

Based upon the foregoing, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE